```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF IOWA
                        WESTERN DIVISION


BANCINSURE, INC., an           )
Oklahoma corporation,          )
                               )    NO. 1:05-cv-00015-HDV-RAW
        Plaintiff,             )
                               )
   vs.                         )    RULING ON MOTION TO
                               )    INTERVENE OF GREAT WESTERN
OAKLAND STATE BANK, OAKLAND,   )    BANK, GREAT WESTERN
IOWA; GREAT WESTERN BANK,      )    BANCORPORATION, INC. AND
OMAHA, NEBRASKA; DWIGHT B.     )    OAKLAND/RED OAK
STEWART; RICK WAYMASTER,       )    HOLDINGS, LLC
                               )
        Defendants.            )
```

The above resisted motion is before the Court following hearing (#9). The case involves the construction and application of a Financial Institution Bond ("the bond") issued by BancInsure to defendant Oakland State Bank ("OSB"). OSB was merged into Great Western Bank ("GWB"). GWB is successor to OSB. Oak Bancorporation owned 100% of the stock of OSB, was its parent entity, and was also an insured on the bond. Great Western Bancorporation, Inc. ("GWBI") purchased all of the shares of Oak Bancorporation. Oak Bancorporation and GWBI were then merged with the result that GWB is a wholly-owned subsidiary of GWBI. The former shareholders of Oak Bancorporation have an agreement in connection with the sale of their shares to GWBI by which they will receive certain net collections on the bond. They have assigned their rights to Oakland/Red Oak Holdings, LLC ("LLC"). LLC is not

an insured under the bond and joins the motion "out of abundance of caution."  (Mtn at 2).

GWBI and LLC, supported by current defendant GWB, move to intervene with GWB in connection with its counterclaim.  GWBI wishes to intervene as a counterclaimant.  A close reading of the proposed counterclaim reveals that LCC proposes to join as a kind of contingent counterclaimant.  It makes its prayer for relief "alternatively" if the assignments it has taken necessitate its participation to obtain full compensation for the overall losses.  (Counterclaim at p. 18).  BancInsure resists contending GWBI and LLC have not shown the basis for intervention of right under Fed. R. Civ. P. 24(a), and permissive intervention under Fed. R. Civ. P. 24(b) should be denied.

For the reasons indicated below, the Court concludes GWBI has a right to intervene and, even if it did not, should be allowed permissive intervention.  The motion to intervene is denied as to LLC because its interest is economic, not direct, and its interests will be adequately represented by GWB and GWBI.

Underlying this action are alleged breaches of fiduciary duty and/or self-dealing by former OSB officers Dwight Stewart (president) and Rick Waymaster (executive vice president) which led to excessive loan losses.  OSB made a claim against BancInsure under the bond.  According to the second supplemental proof of loss pleaded in the Amended Complaint, the total amount claimed was

$810,867.05.  As the Court understands the statements of movants' counsel at hearing, Oak Bancorporation was also a claimant on the second supplemental proof of loss and the proof included Oak Bancorporation's alleged separate losses occasioned by the conduct of Stewart and Waymaster.

BancInsure disputed the claim, at least as to amount, and approved a claim of approximately $38,000, an amount which it remitted.  With litigation imminent, BancInsure sued first for a declaratory judgment determining its obligations to OSB and its successor GWB, and indemnity from Stewart and Waymaster.

In the proposed counterclaim GWB and GWBI (which now stands in Oak Bancorporation's shoes) allege the conduct of Stewart and Waymaster harmed their capital and decreased the value of OSB shares owned by Oak Bancorporation.  (Counterclaim ¶ 91).  In Count I of the counterclaim GWB and GWBI seek recovery on the bond for the resulting loss.[1]  GWBI says its claim in this regard was included in the second supplemental proof of loss.  The same counsel, Mr. Ashby, proposes to represent the existing bank defendants and the intervenors.

As noted, LLC seeks to intervene out of an "abundance of caution" to assert a counterclaim "alternatively."  (Counterclaim at p. 18).

---

[1] In Count II of the counterclaim, counterclaimants allege BancInsure violated its contractual duty of good faith and fair dealing.

<u>Intervention of Right</u>

Apart from timeliness, which is not a factor here, there are three elements which must be satisfied in order for a party to be entitled to intervene of right under Rule 24(a).

1) the party must have a recognized interest in the subject matter of the litigation;
2) that interest must be one that might be impaired by the disposition of the litigation; and
3) the interest must not be adequately protected by the existing parties.

<u>Conseco v. Wells Fargo Financial Leasing Co., Inc.</u>, 204 F. Supp. 2d 1186, 1190 (S.D. Iowa 2002) (quoting <u>United States v. Union Elec. Co.</u>, 64 F.3d 1152, 1160 (8th Cir. 1995), quoting in turn <u>Mille Lacs Band of Chippewa Indians v. Minnesota</u>, 989 F.2d 994, 997 (8th Cir. 1993)).

It has often been said with respect to the first element that a recognized interest must be "direct, substantial, and legally protectable." 6 <u>Moore's Federal Practice</u> § 24.03[2][a] at 24-27 (3d ed. 2005) (citing cases). The Court agrees with BancInsure that this element would be lacking if GWBI were merely asserting an interest as the owner of the bank. However, GWBI alleges that as Oak Bancorporation's successor it is an insured and claimant in its own right on the proof of loss largely denied by BancInsure. Its asserted interest is the kind of "significantly protectable interest" contemplated by the rule. <u>Donaldson v. United States</u>, 400 U.S. 517, 531 (1971).

GWBI's interest may be impaired by disposition of the litigation. BancInsure seeks a declaratory judgment that it has paid all it owes (and more in view of the Amended Complaint's reference to a possible refund) on proofs of loss which included GWBI's claim. Its Complaint would adjudicate GWBI's rights on the bond. Should the Court agree with BancInsure and GWB's lookalike counterclaim be rejected, GWBI might be precluded from pursuing its claim further. On the other hand, if GWB were to prevail it may not be able to seek damages for the alleged injury to its parent GWBI.

Finally, there is the question of whether GWBI's interest will be adequately represented by GWB. "[A]n intervenor's burden on the representation element is ordinarily 'minimal.'" Conseco, 204 F. Supp. 2d. at 1190 (citing cases); see Little Rock Sch. Dist. v. North Little Rock Sch. Dist., 378 F.3d 774, 780 (8th Cir. 2004). The prospective intervenor satisfies this burden if the representation "may be" inadequate. Kansas Pub. Empl. Ret. Sys. v. Reimer & Koger Assoc., Inc., 60 F.3d 1304, 1308 (8th Cir. 1995). Arrow v. Gambler's Supply, Inc., 55 F.3d 407, 409-10 (8th Cir. 1995). Where the prospective intervenor's interest is identical to that of an existing party there is a presumption of adequate representation. Though closely related, GWBI's interests are not identical to GWB because it claims damages in addition to those sustained by the bank. GWB's representation of its parent's

interests may be inadequate should it be found that it does not have standing to sue for GWBI's damages. The Court concludes GWBI has made the minimal showing necessary to satisfy the third element for intervention as of right.

The equation is different with respect to LLC. It does not claim a legal interest in the insurance proceeds. It recognizes the counterclaims are "owned legally" by GWB and GWBI. (Counterclaim ¶ 95). Its sole interest is as an entity which will collect and distribute net collections on the bond for the benefit of the assignor former shareholders of Oak Bancorporation. LLC's intervention would, in essence, be as a standby counterclaimant, available if needed to fill out the dance card. Apart from the tentative nature of its proposed intervention, the kind of economic interest in insurance proceeds which connects LLC to this case has been held not to satisfy the interest element for intervention of right. See In re HealthSouth Corp. Ins. Litigation, 219 F.R.D. 688, 691-92 (N.D. Ala. 2004); Ace Am. Ins. Co. v. Paradise Divers, Inc., 216 F.R.D. 537, 539 (S.D. Fla. 2003). LLC's interest will also be adequately represented by GWB and GWBI. The bank and its parent hold the direct claim to the bond proceeds. No question has been raised about their incentive to pursue the counterclaim with vigor, and their interests, as far as the record indicates, are

congruent with that of LLC.  As noted, the same attorney represents the interests of GWB, GWBI and LLC.[2]

Permissive Intervention

Even had the Court concluded GWBI did not satisfy the elements for intervention as of right, the Court would exercise its discretion to grant the motion for permissive intervention.  Fed. R. Civ. P. 24(b).  See South Dakota ex rel. Barnett v. Dept. of Interior, 317 F.3d 783, 787 (8th Cir. 2003) ("The decision to grant or deny a motion for permissive intervention is wholly discretionary.").  The indispensable element in Rule 24(b) for non-statutory permissive intervention is that the proposed intervenor's claim or defense must "have a question of law or fact in common" with the "main action."  There is no question that GWBI's claim has questions of law or fact in common with claims and defenses at issue between the current parties.

Once a common question of law or fact is shown "[t]he principal consideration . . . is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights."  Barnett, 317 F.3d at 787.  There is no delay.  The case is in its incipiency and the issues have not been completely

---

[2]There is a caveat to this result.  If BancInsure defends the counterclaim on the basis that the assignments of insurance proceeds collected on the bond makes GWB and GWBI not the real parties in interest, the Court would on motion revisit intervention by LLC.  Accordingly, denial of LLC's motion to intervene at this juncture is without prejudice.

joined.  Prejudice is neither claimed nor shown.  Adequacy of representation is a "minor variable" which, as noted, in the case of GWBI favors intervention.  Id.

In resisting permissive intervention BancInsure argues, essentially, that the interests of GWBI and LLC are so closely aligned with OSB and GWB that as permissive intervenors they would bring nothing to the table to assist or advance resolution of the action.  The argument is well taken in the case of LLC, but not GWBI.  GWBI, as successor to Oak Bancorporation, is an insured.  It has submitted a claim for its own loss in addition to the losses sustained by the bank.  The claim was denied.  Though GWBI was not named as a party-defendant, the declaratory judgment sought would effectively adjudicate its claim.  As the proper party to assert its claim there is no reason why it should not be permitted to join the action.  Because the claim is already involved and it will be represented by the same counsel as GWB, the intervention of GWBI will not complicate resolution of the action, indeed it will facilitate resolution of all of the claims which inhere in BancInsure's declaratory judgment action.

With the intervention of GWBI, the insureds with the legal right and motivation to maintain an action on the bond are before the Court.  The addition of LLC in the wings would do nothing to advance or assist in the ultimate resolution of the

8

action, or, as a practical matter, help LLC protect its economic interests. See Ace Am. Ins. Co., 216 F.R.D. at 539-40.

There remains the question of how GWBI should be permitted to intervene. It proposes to intervene by joining GWB in asserting a counterclaim. BancInsure contends GWBI must join as a defendant and tender an answer to the Amended Complaint as its pleading.

Federal Rule of Civil Procedure 24(c) requires that a party seeking intervention accompany its motion with "a pleading setting forth the claim or defense for which intervention is sought." "Typically an intervenor joins the case on the side of one of the existing parties." Conseco, 204 F. Supp. 2d at 1193. However, a counterclaim is a pleading, Fed. R. Civ. P. 7(a), and nothing in Rule 24 prohibits intervention solely to assert a counterclaim. Once GWBI intervenes BancInsure can, of course, seek leave to amend to add GWBI as a defendant.[3]

---

[3] The intervention of GWBI does not have any jurisdictional consequences. Jurisdiction in this case is founded on diversity of citizenship. 28 U.S.C. § 1332. BancInsure is an Oklahoma corporate citizen. GWBI is a corporate Iowa citizen. The present party-defendants are citizens of Iowa or Nebraska. The amount in controversy as shown by the proofs of loss at issue exceeds $75,000. Under 28 U.S.C. § 1367(a) the Court has supplemental jurisdiction of all claims so related to the claims of which it has original jurisdiction that they form part of "the same case or controversy." There is an exception, however, which precludes the exercise of supplemental jurisdiction over claims by plaintiffs against intervenors if the result "would be inconsistent with the jurisdictional requirements" of diversity jurisdiction. 28 U.S.C. § 1367(b). The exception does not apply because there is diversity
(continued...)

The motion to intervene is granted in part and denied in part (#11). It is granted with respect to prospective intervenor GWBI, but denied without prejudice with respect to prospective intervenor LLC. See Note 2, supra. GWBI may intervene and within fourteen (14) days from the date hereof join with GWB in a revised counterclaim which does not include LLC as a counterclaimant.

IT IS SO ORDERED.

Dated this 2nd day of September, 2005.

ROSS A. WALTERS
CHIEF UNITED STATES MAGISTRATE JUDGE

---

³(...continued)
of citizenship between BancInsure and GWBI. BancInsure could have invoked the Court's diversity jurisdiction to join GWBI as a party-defendant from the outset.