IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

```
BANCINSURE, INC., an              )
Oklahoma corporation,             )
                                  )   NO. 1:05-cv-00015-HDV-RAW
          Plaintiff,              )
                                  )   RULING ON BANK DEFENDANTS'
    vs.                           )   MOTION TO STRIKE AND
                                  )   ALTERNATIVE MOTION FOR
OAKLAND STATE BANK, OAKLAND,      )   MORE DEFINITE STATEMENT
IOWA; GREAT WESTERN BANK,         )
OMAHA, NEBRASKA; DWIGHT B.        )
STEWART; RICK WAYMASTER,          )
                                  )
          Defendants.             )
```

The above resisted motion is before the Court (#18). This case involves the construction and application of a Financial Institution Bond ("FIB"). Great Western Bank ("GWB") is the successor to Oakland State Bank ("OSB"). The Amended Complaint alleges that OSB submitted a proof of loss, as supplemented, of approximately $800,000 in response to which BancInsure remitted payment of approximately $38,000 subject to a complete and full reservation of rights. The Amended Complaint seeks a declaratory judgment determining BancInsure's further obligations, if any, to OSB and GWB, and the obligation of OSB and GWB, if any, to refund the payment remitted. The defendant banks move to strike the refund language from the Amended Complaint, or alternatively for more definite statement sufficient to show an actual, justiciable controversy about a refund. BancInsure resists.

The motion will be denied. Federal Rule of Civil Procedure 12(f) provides that the Court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Though the Court enjoys broad discretion under the rule, our court of appeals has emphasized that "striking a party's pleadings is an extreme measure" and requests to do so are to be viewed with disfavor and infrequently granted. Stanbury Law Firm v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir. 2000) (quoting Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1997)). Generally, the movant must show that the challenged allegations have no bearing on the subject matter of the litigation and will prejudice the defendant if not stricken. 2 Moore's Federal Practice § 12.37[3] at 12-95 (3d ed. 2005) ("Moore's"); see 5C C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1380 at 1395-97 (3d ed. 2004) ("Wright & Miller").

Though the prayer to determine the banks' obligation, if any, to refund the payment is bare bones, neither the claim, nor the language employed to state it, is "redundant, immaterial, impertinent, or scandalous" within the meaning of the rule. Declaratory relief in the form of determining any entitlement to a refund has a bearing on the subject matter of the litigation-- BancInsure's obligations under the bond--and prejudice to the banks from the refund averment is neither claimed nor shown.

Motions for more definite statement are reserved for those pleadings that are "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading . . . ." Fed. R. Civ. P. 12(e). Such motions, which are also disfavored, are primarily directed at curing unintelligibility. Moore's § 12.36[1] at 12-87. The banks do not complain that the Amended Complaint is unintelligible. Rather, the objection is that the allegations in the Amended Complaint are insufficient to state any basis for a declaration that BancInsure is entitled a refund.

> Nowhere does the plaintiff allege any facts that show any actual controversy over the "payment" of $38,267.37 paid to GWB and [OSB] . . . . Additionally, no facts are alleged showing that Plaintiff is entitled to a "refund" of the Payment nor even that Plaintiff has ever sought a refund for the Payment.

Def. Brief at 3. OSB and GWB thus attack the sufficiency of the Amended Complaint to state a claim for declaratory relief. "[I]f the pleading is so sketchy that it cannot be construed to show a right to relief, the proper attack is by a motion under Rule 12(b)(6) [to dismiss for failure to state a claim upon which relief can be granted] rather than Rule 12(e)." Wright & Miller § 1376 at 309. OSB and GWB can reasonably be expected to frame a responsive pleading. They need do no more than deny the allegation that BancInsure is entitled to the declaratory relief sought.

Discovery is available to flesh out the factual basis for the refund averment.[1]

    Motion denied (#18).

    IT IS SO ORDERED.

    Dated this 2nd day of September, 2005.

*[signature]*
ROSS A. WALTERS
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] BancInsure requested oral argument on the motion to strike or for definite statement, however the Court finds argument is not necessary.  The issues are straightforward and the briefs adequately state the parties' positions.